**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 93-5703

KEVIN J. DAUGHTRY,
Defendant-Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 94-9473)

Submitted: November 30, 1995

Decided: August 7, 1996

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Wilkins wrote the
opinion, in which Judge Widener and Judge Williams joined.

_____

**COUNSEL**

John Frank Hardaway, Columbia, South Carolina, for Appellant.
J. Preston Strom, Jr., United States Attorney, Dean Arthur Eichelber-
ger, Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Kevin J. Daughtry's appeal of his conviction for knowingly and
willfully making false statements in a matter within the jurisdiction

of a department of the United States, see 18 U.S.C.A. § 1001 (West 1976), is once again before this court. In our initial decision, we affirmed Daughtry's conviction, concluding that the district court did not err in failing to instruct the jury that it must find that he acted with an intent to disobey or disregard the law in order to convict him of violating § 1001. United States v. Daughtry, 48 F.3d 829 (4th Cir. 1995). But, while his petition for a writ of certiorari was pending, the Supreme Court decided United States v. Gaudin , 115 S. Ct. 2310 (1995). Thereafter, the Court vacated our decision and remanded for reconsideration in light of Gaudin. Daughtry v. United States, 116 S. Ct. 510 (1995).

We conclude that the Gaudin decision provides no basis for reconsideration of the issues addressed in our original decision. Gaudin held only that in prosecutions for violations of§ 1001, the element of materiality must be submitted to the jury. See Gaudin, 115 S. Ct. at 2320. In contrast, our prior decision rejected Daughtry's sole argument that the district court had erred in refusing to charge the jury that it must find that he acted with an intent to disobey or disregard the law in order to have acted willfully within the meaning of § 1001. See Daughtry, 48 F.3d at 831-32. Therefore, we continue to reject Daughtry's argument for the reasons fully set forth in our previous opinion. See id.

Nevertheless, we now vacate Daughtry's conviction and remand for further proceedings. The record indicates unmistakably that the district court instructed the jury that the question of materiality of the statement was an issue for the court, not the jury, and further charged the jury that the statement was material. Although this charge was correct when given, see, e.g., United States v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993), as the Government now concedes, it is indisputably erroneous in light of Gaudin .

We vacate Daughtry's conviction and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED

2