**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4867

ROSEMARY ANN MAYO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CR-96-202-A)

Submitted: July 1, 1997

Decided: October 22, 1997

Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George P. Doss, Jr., Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Justin W. Williams, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Rosemary Ann Mayo was convicted by a jury of one count each of making false statements,[1] conspiracy to commit false statements and witness tampering,[2] and deprivation of civil rights under the color of law, resulting in bodily injury. [3] On appeal, she challenges whether the district court improperly instructed the jury on materiality, whether her false statements were merely exculpatory denials, and whether there was sufficient evidence to support her convictions for conspiracy to tamper with a witness and for deprivation of civil rights. Finding no reversible error, we affirm.

Mayo was a correctional officer at the Lorton Reformatory Maximum Security Facility. One evening, a prisoner ("West") did not receive his special diet tray, despite his requests to Appellant and other officers. Taking matters into his own hands, West stopped up his toilet and flooded his cell and the tier. Appellant, who was the officer in charge of the tier, and two other officers ("Green" and "Harris") went to West's cell, where they beat him for five to ten minutes in retaliation for flooding his cell and to "teach him a lesson." A supervisor eventually learned of the assault and ordered Mayo, Green, and Harris to submit statements concerning the evening's events and to be prepared to speak to FBI agents. The officers agreed to deny the assault and devised an elaborate story to tell investigators. Mayo and Green also devised a plan to get one of the prisoners who witnessed the beating ("Smith") to talk to West and get him to change his story. In return, the officers would overlook Smith's drug activity in the prison.

The district court instructed the jury members that to convict Mayo of making false statements, they must find that the statements made by Mayo, Green, and Harris to FBI agents and prison officials were false and that the false statements were material. Mayo did not object

_____

[1] 18 U.S.C. § 1001 (1994).
[2] 18 U.S.C. § 371 (1994).
[3] 18 U.S.C. §§ 242, 2 (1994).

2

to these instructions at trial, but now asserts that the court improperly instructed the jury by not defining the term "material."[4]

Since Mayo failed to raise this issue at trial, it is waived absent plain error,[5] and we find no such error here.[6] Contrary to Mayo's assertions, we find nothing in United States v. Gaudin, 515 U.S. 506 (1995), requiring the court to define "materiality." See United States v. Daughtry, 91 F.3d 675 (4th Cir. 1996) (" Gaudin held only that in prosecutions for violations of § 1001, the element of materiality must be submitted to the jury."). Moreover, we note that the evidence against Mayo on this count was overwhelming. Green and Harris both testified against her at trial, describing the attempt to cover-up the assault in detail.

We also reject Mayo's claim that her statements were covered by the "exculpatory no" doctrine. Since Mayo also failed to raise this issue at trial, we analyze it for plain error and find none. This court has historically applied the doctrine only in cases where the defendant merely denied his/her guilt. See United States v. Cogdell, 844 F.2d 179 (4th Cir. 1988). However, we have declined to apply it in cases, such as the one here, where the defendant devised an elaborate exculpatory story designed to mislead investigators. See United States v. Moore, 27 F.3d 969, 978-79 (4th Cir. 1994).

Finally, on direct appeal of a criminal conviction, a "verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In the present case, we find that there was substantial evidence to support Mayo's convictions for conspiracy to tamper with a witness and to deprive West of his civil rights. Green testified that he and Mayo devised a scheme to convince West

_____

[4] Mayo does not assert that the district court failed to submit the issue of materiality to the jury.

[5] See United States v. Olano, 507 U.S. 725 (1993).

[6] We reject Mayo's assertion that the alleged error was structural, thus preventing the use of a harmless error analysis. See Johnson v. United States, ___ U.S. ___, 65 U.S.L.W. 4305 (U.S. May 12, 1997) (No. 96-203) (failure to submit materiality element to jury subject to harmless error analysis).

not to testify against them. In return for Smith's help in convincing West, the officers agreed to overlook Smith's drug activities at the facility. We find that this evidence was sufficient for the jury to find that Mayo conspired to tamper with West's testimony.

We also find that the testimony of Green and Harris amply supported the jury's finding that Mayo willfully deprived West of his rights against cruel and unusual punishment. Both officers testified that all three entered West's cell with the intent to punish him for complaining about not receiving his evening meal and flooding his cell and to "teach him a lesson." Prison officials testified that there were procedures in place for handling unruly inmates; none of which including beating the inmate.

We therefore affirm Mayo's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4